FILED
SUPERIOR COURT
OF GUAM
2018 MAR -8 AM 8: 16
CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT
## OF GUAM

EULALIA W. VALDEZ,

                  Plaintiff,

    vs.

PETERNILO L. VALDEZ,

               Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. DM0044-13

**DECISION & ORDER**

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on Plaintiff Eulalia W. Valdez's Motion for Contempt. Plaintiff Eulalia W. Valdez is represented by Attorney Daniel S. Somerfleck. Defendant Peternilo L. Valdez is represented by Attorney Louie J. Yanza. Having considered the moving papers, arguments, record, and applicable law, the Court issues the following Decision and Order denying Plaintiff's motion.

## BACKGROUND

This matter arises out of Plaintiff Eulalia W. Valdez's ("Plaintiff") January 17, 2013 Complaint for Divorce. On April 4, 2013, the Court issued a Final Decree of Divorce granting Plaintiff's Complaint. This Final Decree incorporated the Interlocutory Judgment of Divorce

that incorporated the parties' March 26, 2013 Divorce and Property Settlement Agreement. On October 24, 2017, Plaintiff filed the present Motion for Contempt and Enforcement of Divorce and Property Settlement Agreement. Plaintiff argues that after the parties modified the Settlement Agreement, Defendant has failed to make payments toward the principal balance of the second First Hawaiian Bank mortgage. On November 21, 2017, Defendant filed an Opposition in response. Defendant contends that he has abided by the second Mortgage Agreement and that he is not in default with respect to the second mortgage. On December 5, 2017, Plaintiff filed a reply. The Court took the matter under advisement on December 10, 2017.

## ISSUE

Whether Defendant is in civil contempt of the Final Decree of Divorce and the subsequently modified Property Settlement Agreement.

## FACTS

1.  The parties mutually agreed to modify the March 26, 2013 Divorce and Property Settlement Agreement.

2.  On August 8, 2014, the parties executed the subsequent Settlement Agreement ("Agreement"). Among other things, the parties agreed to the following:

    a.  Defendant has servicing responsibilities of the First Hawaiian Bank 2nd Mortgage.

3.  The Equity Firstline Agreement regarding the First Hawaiian Bank 2nd Mortgage ("Second Mortgage") contains the following:

    **Minimum Payment.** Your "Regular Payment" will equal the amount of your accrued **FINANCE CHARGES**. You will make 143 of these payments. You will then be required to pay the entire balance owing in a single balloon payment.

4. Defendant represents that he has not failed to make any payments on the First Hawaiian Bank 2nd Mortgage.

## PRINCIPLES OF LAW

In 2003 the Guam Supreme Court explained the elements required for a court to find a party in contempt of a prior order. Rodriguez v. Rodriguez, 2003 Guam 8 ¶ 15. The Supreme Court held that, "[t]he elements of contempt are generally: 1) a valid order, 2) knowledge of the order, 3) ability to comply with the order, and 4) willful failure to comply with the order." Id. (citing In re Ivey, 102 Cal.Rptr.2d 447, 451 (Ct. App. 2000)).

## ANALYSIS

Under the Supreme Court of Guam's four-factor test, Plaintiff must satisfy all four elements in order for the Court to find Defendant in contempt. Thus, failure to satisfy one of the elements precludes a finding of contempt. Plaintiff argues that Defendant has not paid down the principal balance on the Second Mortgage. Defendant does not contest this, but asserts that the Second Mortgage Agreement does not require him to pay down the principal balance. Defendant further contends that he has not failed to make a required Minimum Payment and that he is not in default on the Second Mortgage.

The Court determines that Plaintiff cannot satisfy the fourth element of the test because Defendant has not committed a willful violation of a court order. Pursuant to the August 2014 Agreement, Defendant's obligation only includes "[s]ervicing responsibilities of the FHB 2nd mortgage" ("Second Mortgage"). Under the Second Mortgage Agreement, Defendant is required to pay his Minimum Payment on or before the due date on his periodic statements. Further, the Minimum Payment encompasses only the Regular Payment, any amount due, and other charges. After the 143 Minimum Payments, Defendant is then required to make a single balloon payment covering the entire balance owed on the mortgage. The Second Mortgage

Agreement does not require Defendant to make any payments higher than the Minimum Payment. Additionally, the Second Mortgage Agreement does not require Defendant to pay down the principal balance on the mortgage. At this time, the Court finds that Defendant has successfully met his obligations with respect to the Second Mortgage. Defendant has not failed to make a monthly Minimum Payment and is not in default on the Second Mortgage. Thus, the Court finds that Defendant is not in violation of the 2014 Agreement, and the fourth element is not satisfied. Because one of the four elements is not satisfied, the Court need not analyze the remaining three elements. Accordingly, the Court finds that Defendant is not in contempt.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court DENIES Plaintiff Eulalia W. Valdez's Motion for Contempt.

SO ORDERED, this _____ day of _____ 2018.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT
I acknowledge that a copy of the
original hereto was placed in the
court box
Somersille
VANZA
3/8/18
Deputy Clerk